UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WILLIAM H.[1],

    Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

Case No. 22-11420
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER ACCEPTING REPORT AND RECOMMENDATION [33] AND GRANTING DEFENDANT'S MOTION TO DISMISS [26]**

    In June 2022, Plaintiff Mark William H. ("M.H.") brought suit against the Social Security Administration, challenging its decision to decrease his retirement benefits once he started receiving disability benefits. (*See* ECF No. 1.) The Court granted M.H. in forma pauperis status and referred the case to Chief Magistrate Judge David R. Grand. (ECF Nos. 2, 3.)

    In time, the Commissioner appeared and asked the Court to dismiss the suit because the agency had not yet made a "final decision" in M.H.'s case as required by 42 U.S.C. § 405(g). *See* (ECF No. 26); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976) ("On its face § 405(g) . . . bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the [Commissioner] after a 'hearing.'").

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Magistrate Judge Grand agreed, concluding that "the pleadings and other papers filed by [M.H.] make clear that he has not obtained a 'final decision'" from the agency that could be reviewed by this Court under § 405(g). (ECF No. 33, PageID.111.) So he recommended that the Court grant the Commissioner's motion to dismiss. (*Id.* at PageID.112.) At the conclusion of his July 27, 2023 Report and Recommendation, he notified the parties that they were required to file any objections within fourteen days of service as provided in Federal Rule of Civil Procedure 72(b)(2). (*Id.*) And he warned that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*) Neither party objected to the Report and Recommendation, and the time to do so has passed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court

further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and ACCEPTS his recommended disposition. (ECF No. 33.) It follows that the Commissioner's motion to dismiss is GRANTED. (ECF No. 26.)

SO ORDERED.

Dated: August 23, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
